UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20032-RAR

**EMILIO PINERO**,

    Plaintiff,

v.

**CARINI, LLC**, *et al.*,

    Defendants.
_____/

## ORDER ON NOTICE OF JOINT LIABILITY

**THIS CAUSE** comes before the Court upon the Clerk's Entry of Default ("Clerk's Default"), [ECF No. 18], and Plaintiff's Notice of Joint and Several Liability ("Notice"), [ECF No. 17], both entered on February 15, 2024. On January 4, 2024, Plaintiff Emilio Pinero filed a Complaint, [ECF No. 1], naming Carini, LLC ("Carini") and La Esquinita Habanera Restaurant, Inc. ("La Esquinita") as Defendants. Plaintiff effectuated service upon both Defendants on January 12, 2024. *See* Returns of Service, [ECF Nos. 8–9]. Pursuant to Federal Rule of Civil Procedure 12(a), Defendants were originally required to file a response or answer to the Complaint on or before February 2, 2024. On February 1, 2024, Defendant Carini sought an unopposed extension of time to file its response/answer to the Complaint. [ECF No. 13]. The Court granted Carini's request that same day and reset Carini's response/answer deadline to February 22, 2024. *See* [ECF No. 14]. However, Defendant La Equinita neither filed a response/answer nor requested an extension of time within which to do so.

On February 15, 2024, 13 days after La Esquinita's February 2, 2024 response/answer deadline, Plaintiff moved for a Clerk's Entry of Default as to Defendant La Equinita. *See* [ECF No. 18]. The Clerk entered default against Defendant on the same day. *See* [ECF No. 19]. Thereafter, Plaintiff filed his Notice, informing the Court that Defendant La Esquinita is the owner of the business in the Subject Property; Carini is the property owner of the Subject Property; Defendants are likely jointly and severally liable for the purportedly noncompliant areas of the Subject Property under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"); and Plaintiff is unable to determine which specific areas of the Subject Property each Defendant (or both) are liable for under the ADA. Notice at 1–2. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff shall file an Amended Notice of Joint and Several Liability **immediately** upon determining the respective liability for each Defendant. **Within fourteen (14) days** of filing the Amended Notice as to all Defendants, Plaintiff shall file a *Motion for Final Default Judgment*. The *Motion* must include affidavits of any sum certain due by Defendant La Esquinita, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. section 521(b), if applicable; (2) a memorandum of law supporting entitlement to final judgment; (3) a proposed order; and (4) a proposed final judgment. Pursuant to CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format at ruiz@flsd.uscourts.gov. The email subject line must include the case number as follows: XX-CIV-XXXX-RAR.** Plaintiff shall send a copy of the Motion to counsel for Defendant La Esquinita or to Defendant La Esquinita

directly if it does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

If Defendant La Esquinita fails to move to set aside the Clerk's Default or respond to the *Motion* within the time permitted by the Rules, default final judgment may be entered, which means that Plaintiff may be able to take Defendant La Esquinita's property or money, and/or to obtain other relief against Defendant La Esquinita.

Plaintiff's failure to file a *Motion for Default Final Judgment* within the specified time frame will result in a **dismissal without prejudice** as to Defendant La Esquinita without further notice.

**DONE AND ORDERED** in Miami, Florida, this 16th day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**